## O'ROURKE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    March 5, 1909.)

1. DAMAGES (§ 68*)—INTEREST— ACTION ON BUILDING CONTRACT—INTEREST ON PROGRESS CERTIFICATES RETAINED.

A building contract with a city provided that nothing was to be due thereunder until the completion of the work and issuance of the final certificate; but in order to enable the contractor to prosecute the work advantageously the city agreed to pay 80 per cent. of the amount of progress certificates from time to time, and at completion paid the full amount and received a release. *Held* that, the retained percentage not being due until completion of the work, interest could not be recovered on it because of its retention until that time in an action for damages for interference of the city causing delay in the work.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 141; Dec. Dig. § 68.*]

2. DAMAGES (§ 68*)—INTEREST—ACTION ON BUILDING CONTRACT.

The retained percentage having been paid at the completion of the contract and a release given therefor, and not being the amount sued for, interest thereon could not be allowed as part of the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 141; Dec. Dig. § 68.*]

Appeal from Trial Term, New York County.

Action by John F. O'Rourke against the City of New York. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial ordered, unless plaintiff remits part of the verdict.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis K. Pendleton, Corp. Counsel, and Terence Farley (Theodore Connoly, on the brief), for appellant.

Kellogg & Rose and L. Laflin Kellogg (Alfred C. Pette, on the brief), for respondent.

CLARKE, J. The action was brought to recover the sum of $53,-120.48 damages for delay and increased cost alleged to have been occasioned by the wrongful acts and interference of the defendant in the prosecution of the work of constructing a bridge and its approaches between Pelham Bay Park and City Island, in the Twenty-Fourth ward of the city of New York, under a contract between the plaintiff and defendant.

The complaint contained three causes of action, the first of which was taken from the consideration of the jury. The jury returned a verdict on the second cause of action for $13,764.11, and for $8,209.48 on the third cause of action. The third cause of action was to recover damages for increased cost of performing the work caused by the action of the city in ordering a cessation of the work on the City Island approach for a number of months, and then directing its continuance after changes in the condition had made the prosecution thereof more difficult and expensive. As a distinct item of damage under this cause of action was a claim for $2,205.14 interest. The contract provided

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that nothing was to be due thereunder until the completion of the work and the issuance of the final certificate; but in order to enable the contractor to prosecute the work advantageously the city agreed to pay 80 per cent. of the amount of progress certificates, provided the value of the work certified by such certificates should amount to $2,000. The city paid said amounts from time to time, and finally upon completion, and the making of the final certificate, paid the full amount which it admitted to be due and received a release therefor. The claim in question is for interest at 6 per cent. upon the 20 per cent. of the amount of the progress certificates retained, as provided in the contract, until completion.

These progress certificates were mere estimates of the amount of work done, were in no sense final or conclusive, and were made for the benefit of the contractor. These retained percentages were not in any event due until the completion of the work, and we are unable to see any basis upon which interest can be charged upon sums not due. Furthermore, the principal upon which this interest is claimed, to wit, these retained 20 percentages, has been paid in full, and the plaintiff has executed a release therefor. Interest cannot thereafter be claimed upon a principal sum paid in full and a release therefor given. The item under consideration is not interest on the amount sued for in this case, but is interest on an amount which has been paid.

The learned court charged the jury as follows:

"He claims interest of $2,205.14 on payments due him under the contract, but withheld during the period of that delay. If he is responsible for that delay, you will refuse to give him that interest; if he is not, you will award it to him."

As the jury found that he was not responsible for that delay, they must, under that instruction, have included this amount in the verdict which they returned upon the third cause of action.

The judgment and order should therefore be reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff will stipulate to reduce the verdict by the sum of $2,205.14, in which event the judgment as so modified, and the order appealed from, will be affirmed, without costs in this court to either party. All concur.